UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR ARMANDO RODRIGUEZ, and all others similarly situated under 29 U.S.C. 216 (b), <br><br> *Plaintiff*, <br><br> v. <br><br> JOHN EAGLE SPORT CITY MOTORS, LLP f/k/a JOHN EAGLE SPORT CITY MOTORS, L.L.C. d/b/a JOHN EAGLE SPORT CITY TOYOTA, <br><br> *Defendant.* | § § § § § § § § § § § § § § | CASE NO. 3:14-cv-00334-D |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, Oscar Armando Rodriguez ("Rodriguez" or "Plaintiff"), through the undersigned counsel, and files this Response to Defendant's Motion to Dismiss and Compel Arbitration and Brief in Support ("Motion" or "Motion to Compel") (Doc.7) and asks this Court to deny the Defendant's Motion. In support, Plaintiff states as follows:

### I. INTRODUCTION

1.      Mr. Rodriguez filed this Fair Labor Standards Act ("FLSA") claim against the Defendant on January 28, 2014. This claim was originally brought as a collective action regarding overtime and minimum wage payments allegedly owed to Pacheco—and others similarly situated—by the Defendant, John Eagle Sport City Motors, LLP f/k/a John Eagle Sport City Motors, L.L.C. d/b/a John Eagle Sport City Toyota. (Doc. 1).

2.      On March 7, 2014, Defendant's counsel provided a copy of the Defendant's Pay Plan, which was allegedly signed by the Plaintiff several months after beginning work with the

Defendant. At the very end of the multiple-page document, was a provision mentioning the word "arbitration." See (Doc. 7-1). After reviewing the document and finding it to be vague, Plaintiff's counsel informed Defendant's counsel that he believed this Court was the proper forum for this FLSA case and would object to any motion to compel arbitration.

3. Defendant filed a Motion to Dismiss and Compel Arbitration and Brief in Support on March 17, 2014. (Doc. 7). The Plaintiff herein responds to that Motion and requests that this Court deny that motion.

## II. ARGUMENT

### A. The Plaintiff's Substantive Rights under the FLSA Cannot Be Waived

4. Substantive rights, such as the right to liquidated damages under the FLSA, cannot be waived. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945); *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981). The language in 29 U.S.C. 216(b) provides that upon a showing of willfulness or in the event that the employer fails to prove good faith, "that the employer shall be liable for liquidated damages in an amount equal to minimum wages overdue." *Brooklyn Sav. Bank*, 324 U.S. at 711. Moreover, the legislative history of the FLSA shows intent on the part of Congress to protect certain groups of the population, and the policy considerations which forbid waiver of minimum and overtime wages also prohibits waiver of the employee's right to liquidated damages. *Brooklyn Sav. Bank*, 324 U.S. at 705. Specifically, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purpose' of the statute and thwart legislative policies it was designed to effectuate." *Barrentine*, 450 U.S. at 74. The subject arbitration agreement does not provide for liquidated damages under the FLSA, and subjecting the Plaintiff to this agreement will deprive him of his unwaivable rights and impose impermissible prohibitive costs.

**B.     The Arbitration Agreement is Substantively Unconscionable Due to Its Incomprehensible Language.**

5.     The arbitration agreement is procedurally unconscionable. One of the factors a court may use to determine unconscionability is the conspicuousness and comprehensibility of the contract language. *Billingsley v. Citi Trends, Inc.*, 2013 WL 2350163, *5 (N.D. Al. 2013). The agreement at issue is vague and ambiguous due to missing and incorrect terms. The first sentence of the purported arbitration agreement is unintelligible. (Doc. 7-1 at p.4). The last sentence of the agreement states any claims will be resolved by a judge that does not exist—a "retired Texas Superior court Judge." *Id.* The governing language in the middle of the agreement lends no guidance as to what Act or procedures will govern any arbitration proceeding. *Id.* This Court should find that this arbitration agreement is unconscionable and deny the Defendant's Motion.

**C.     The Case Should Be Stayed Pending Arbitration as Directed By the Federal Arbitration Act.**

6.     If the Court decides to compel arbitration, the Court should, and the Plaintiff requests that this Court stay these proceedings while the arbitrable issues are submitted to arbitration. As the Defendant correctly states, the Fifth Circuit has interpreted the language of 9 U.S.C. § 3 to mean that the District Court cannot deny a stay when one is properly requested. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Federal government codified this principle in Section 3 of the Federal Arbitration Act:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action*

*until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3 (emphasis added). Thus, upon the request of one party, a stay is mandatory.

7.      The Fifth Circuit's interpretation of 9 U.S.C. § 3 limits any consideration of dismissal to instances where *all* of the issues presented before a district court are arbitrable. See *Alford*, 975 F.2d at 1164. Here, that is not the case. The arbitration agreement is so poorly written that it raises issues which would not be referable to arbitration. Any issues dealing with the arbitration provision itself are to be determined by the court, not an arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 44 (2006). Because the arbitration agreement presented here is vague and ambiguous, numerous issues are raised from its content. The provision does not provide any guidance on specific sets of rules to be followed, who may arbitrate the proceedings, and how that arbitrator may conduct the proceedings and award damages. These issues are not referable to an arbitrator, and this court should stay the proceedings so it may properly adjudicate any issues that may arise from this provision's lack of content.

8.      The Defendant's argument contradicts itself. In one paragraph, the Defendant argues that this Court should submit this case to an arbitrator, so the proceedings may be conducted pursuant to the Federal Arbitration Act. (Doc. 7, para. 15). Yet, in another paragraph, the Defendant asks this Court to ignore the plain reading of the Federal Arbitration Act and dismiss this action. *Id.*, para. 18. A plain language reading of the statutory text would show that the "district court has no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263 (3d Cir. 2004)(citing *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 88-89 (2000)). If the Court should grant the Defendant's request to send this lawsuit to arbitration pursuant to the Federal Arbitration Act,

this court should also stay these proceedings pursuant to Federal Arbitration Act. *See* 9 U.S.C. § 3.

### III. CONCLUSION

WHEREFORE, for the reasons set out above, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss and Compel Arbitration, and grant the Plaintiff all such other relief that the Court deems just.

Respectfully submitted,

by:   /s/ Robert L. Manteuffel
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610
E-mail address:   rlmanteuffel@sbcglobal.net

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 7th day of April, 2014.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)